# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| V. : | CASE NO. 21-CR-60017-RKA |
| : | |
| TONYE C. JOHNSON : | |

## DEFENDANT'S, TONYE C. JOHNSON, MOTION FOR VARIANCE

Defendant, Tonye C. Johnson (hereinafter, "Johnson"), through his counsel, Andrew G. Gay, Jr., and pursuant to this Court's Order on procedures for Johnson's sentencing hearing (ECF No. 41), files the instant Motion for Variance. In support, Johnson avers as follows:

**I.     RELEVANT LAW**

In order to afford each defendant an individualized sentencing hearing, a district court must consider all sentencing factors, as enumerated in 18 U.S.C. §3553(a). United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

Section 3553(a) further directs sentencing courts to consider the following factors:

1) "the nature and circumstances of the offense and the history and characteristics of the defendant" [§ 3553(a)(1)];
2) "the kinds of sentences available" [§ 3553(a)(3)];
3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" [§ 3553(a)(6)]; and
4) "the need to provide restitution to any victims of the offense." [§ 3553(a)(7)].

The primary directive in §3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B)   to afford adequate deterrence to criminal conduct;

> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

While district courts must consider the advisory guideline range, the guidelines do not trump the factors delineated in §3553(a). United States v. Booker, 543 U.S. 220, 245-46 (2005).

Reasonableness is the encompassing theme with the imposition of a sentence, and the advisory guidelines are but one element for determining reasonableness. Kimbrough v. U.S., 552 U.S. 85, 90 (2007).

## II.     ITEMS JUSTIFYING A VARIANCE

Johnson stands before the Court with a Criminal History Category of I.

Although Johnson has pled guilty to serious fraud charges, from the time of his arrest, he has accepted responsibility for his involvement in this matter.[1] He provided a Mirandized statement to agents upon his arrest. Following his review of preliminary discovery materials provided by the Government, Mr. Johnson waived indictment and proceeded by way of Information.

Thereafter, Johnson signed a Plea Agreement (ECF No. 30) and accompanying Factual Proffer (ECF No. 29), and entered a guilty plea on April 20, 2021, before the Honorable Patrick M. Hunt, United States Magistrate Judge.

In his Plea Agreement and before Judge Hunt, Johnson agreed to restitution and forfeiture in the amount of $165,722.13.

---

[1] Counsel acknowledges that United States Probation Officer Elizabeth Robert, in her draft PSR (EFC No. 38, Paragraphs 42 & 69), has recommended to the Court that Mr. Johnson not be afforded a three-point downward adjustment for Acceptance of Responsibility due to a positive urine test and his attempt to conceal his use of marijuana while on pre-trial release. This issue will be more fully addressed in counsel's Sentencing Memorandum.

During a period in which courts are particularly strained, Johnson has made several decisions in the handling of his prosecution that has enable the Court and Government to conserve limited resources.

WHEREFORE, Tonye C. Johnson respectfully requests this Court to grant a variance.

                                                  Respectfully submitted,
                                                  LAW OFFICE OF ANDREW G. GAY, JR., LLC

                                                  _____
                                                ANDREW G. GAY, JR.*
                                                Attorney for Defendant
                                                PA Identification No. 83401
                                                1518 Walnut Street, Suite 807C
                                                Philadelphia, PA  19102
                                                (215) 545-7110
                                                (215) 545-7131 (facsimile)
                                                Email: AGGJR@AGGJR.com

\* *Pro hac vice*

## CERTIFICATE OF SERVICE

      I, Andrew G. Gay, Jr., hereby certify that a true and correct copy of this document was served this 7th day of July 2021, in accordance with the Federal Rules of Criminal Procedure via notice of filing that is automatically generated by ECF to those counsel, or parties, who are authorized to receive Notices of Electronic Filing, to include, without limitation, the counsel listed on the attached Service List.

                                              _____
                                              ANDREW G. GAY, JR.*

\* *Pro hac vice*

## SERVICE LIST
## UNITED STATES V. TONYE C. JOHNSON
## CASE NO. 21-CR-60017-RKA

David A. Snider, Esquire
Assistant United States Attorney
United States Attorney's Office
Southern District of Florida
99 N.E. 4th Street
Miami, FL 33132

Philip Trout, Esquire
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, NW
Washington, DC 20530